UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:04-cr-7-RLY-CMM-13 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JIMMY DON HARTLEY | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:04-cr-00007-RLY-CMM |
| JIMMY DON HARTLEY, | ) ) | -13 |
| Defendant. | ) ) ) ) | |

## ORDER

Defendant Jimmy Don Hartley has filed motions for compassionate release under Section 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkts. 87, 97. Mr. Hartley asks the Court to reduce his sentence to time served and order his immediate release to supervised release, potentially with home confinement as a term. Dkts. 97, 101. For the reasons stated below, Mr. Hartley's motions are denied.

**I.    Background**

In 2004, Mr. Hartley was charged as a part of a drug conspiracy. He was not arrested until 2009 because he was in Mexico—where he had absconded in 2004 while on supervised release for another federal drug conviction. Dkt. 103 at 4, 9–10, 12. After his arrest and return to the United States, he pled guilty to conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 851. Dkt. 103 at 5, 13.

In the course of the proceedings, the United States filed an information under 21 U.S.C. § 851 alleging that Mr. Hartley had a prior drug felony conviction. Dkt. 58 at 3 (JAMS Docket Entry for July 21, 2009). As a result, under the law as it existed at the time, his mandatory minimum

2

sentence was 240 months, *see* 21 U.S.C. § 841(b)(1)(A)(viii) (eff. Apr. 15, 2009 to Aug. 2, 2010), and that was the sentence he received, *see* dkt. 58 at 4 (JAMS Docket Entry for Oct. 20, 2009).

Mr. Hartley is now 62 years old. He is currently incarcerated at FMC Lexington. As of April 16, 2021, the Bureau of Prisons ("BOP") reports that no inmates or staff members at FMC Lexington have active cases of COVID-19; it also reports that 720 inmates and 78 staff members at FMC Lexington have recovered from the virus and that 9 inmates at FMC Lexington have died from the virus. https://www.bop.gov/coronavirus/ (last visited Apr. 16, 2021). As of April 16, 2021, the BOP also reports that 306 staff members and 581 inmates at FMC Lexington have been fully vaccinated against COVID-19. *Id.* Mr. Hartley has not tested positive for the virus or, to the Court's knowledge as of the writing of this Order, been offered or received the COVID-19 vaccine.

Mr. Hartley has been in custody since January 2009. The Bureau of Prisons ("BOP") reports his anticipated release date (with good-conduct time) as February 6, 2026. That is, with good-conduct time included, he has served over 70% of his sentence.

In March 2020, Mr. Hartley filed a pro se motion that the Court construed as a motion for compassionate release. Dkt. 87. The Court appointed counsel to represent Mr. Hartley. Dkt. 88. On January 4, 2021, counsel filed an amended motion for compassionate release on Mr. Hartley's behalf. Dkt. 97. The United States responded on January 11, 2021, dkt. 100, and Mr. Hartley replied on January 18, 2021. Dkt. 101. Thus, his motions for compassionate release are ripe for review.

**II. Legal Standard**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C.

3

§ 3582(c)(1)(A)(i). Before the First Step Act was enacted on December 21, 2018, only the Director of the BOP could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before

4

passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c).  U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations:  First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(2).  Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . ."). It has not been updated since the First Step Act

amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F. 3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

**III.   Discussion**

Mr. Hartley is seeking a sentence reduction based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 97. Specifically, he contends that his age and medical conditions (including COPD, pulmonary respiratory disease, hypertension, hyperlipidemia, and moderate obstructive sleep apnea, as well as having had two coronary artery stents implanted) place him at an increased risk of experiencing severe symptoms if he contracts COVID-19. *Id.* He also argues that he is needed to care for his ex-wife, who is ill and caring for

their grandchildren. *Id.* Finally, he argues that his mandatory minimum sentence would be lower if he were sentenced today. Dkt. 87. He argues that he would not be a danger to the community if released and that the sentencing factors in § 3553(a) support release. Dkt. 97. In response, the United States does not contest that Mr. Hartley has exhausted his administrative remedies and concedes that Mr. Hartley's medical conditions constitute an extraordinary and compelling reason warranting release because they increase his risk of severe COVID-19 symptoms. Dkt. 100. It argues, however, that Mr. Hartley would be a danger to the community if released and that the § 3553(a) factors do not support release. *Id.*

Mr. Hartley suffers from COPD and hypertension, as well as several other conditions. The CDC (Centers for Disease Control) has recognized that COPD can make a person more likely to get severely ill from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 16, 2021). It has also recognized that having hypertension can possibly make a person more likely to get severely ill from COVID-19. *Id.* Because the United States concedes the issue, the Court assumes for purposes of this Order that Mr. Hartley's medical conditions constitute an extraordinary and compelling reason potentially warranting compassionate release because those conditions increase his risk of experiencing severe symptoms if he contracts COVID-19.[1]

That conclusion does not end the analysis because Mr. Hartley's motion still must be denied after due consideration of the sentencing factors in § 3553(a). The § 3553(a) factors are: (1) the

---

[1] Because the Court assumes that Mr. Hartley's medical conditions constitute and extraordinary and compelling reason potentially warranting release, it need not decide whether his desire to care for his ex-wife or the fact that his mandatory minimum sentence would be lower if sentenced today are extraordinary and compelling reasons warranting release. The Court notes, however, that it has previously rejected the argument that the change to the mandatory minimum sentences in § 841 is an extraordinary and compelling reason warranting as sentence reduction. *United States v. Carrico*, No. 3:02-cr-2-RLY-CMM-14, dkt.175 (S.D. Ind. Apr. 2, 2021). Mr. Hartley also has not submitted any evidence supporting his claim that his ex-wife is ill and needs his assistance.

nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Here, Mr. Hartley suffers from at least one medical condition (COPD) that increases his risk of severe COVID-19 symptoms and one condition (hypertension) that might increase such risk. While FMC Lexington experienced a significant outbreak of COVID-19, the BOP's efforts to control the virus among inmates and staff appear to be having some success. The BOP has also actively started vaccinating staff members and inmates against the virus, including 306 staff members and 584 inmates at FMC Lexington, which further reduces Mr. Hartley's chances of contracting COVID-19. That said, the nature of prisons means that the virus can spread quickly and that inmates have little ability to protect themselves from the virus. In short, the Court is aware of the risk that Mr. Hartley faces from COVID-19 and has given it appropriate weight in its consideration of the § 3553(a) factors.

Weighing in Mr. Hartley's favor under the Court's § 3553(a) analysis, he has had clean conduct during his 12 years in the BOP. Dkt. 97-4. He has completed multiple classes during his incarceration, including a steamfitter apprenticeship. *Id.* He is enrolled in a customer service

8

representative apprenticeship. *Id.* He has maintained employment in the BOP and has worked for UNICOR for more than 2 years. *Id.* Mr. Hartley hopes to live with his son and return to his former employment at a power plant if he is released. Dkt. 97 at 19. He also plans to help his ex-wife, who is ailing and caring for the couple's grandchildren. *Id.* at 16. The prospect of family support and steady employment would likely provide some stability as Mr. Hartley transitions back to being a law-abiding member of society. Finally, the Court acknowledges that, if Mr. Hartley were sentenced today, his mandatory minimum sentence would be lower. *See* 21 U.S.C. § 841(b)(1)(A)(viii) (eff. Dec. 21, 2018) (providing 15-year mandatory minimum sentence following one prior serious drug felony).[2]

But other facts weigh heavily against him. Mr. Hartley was a part of a large methamphetamine distribution ring. Dkt. 103 at 5–6. The readily provable amount of methamphetamine attributable to him was about 1 kilogram. *Id.* at 6. Moreover, law enforcement seized approximately 20 firearms and a lethal explosive device in the course of investigating the conspiracy in which Mr. Hartley participated, underscoring the danger associated with the drug distribution ring. *Id.* Mr. Hartley has multiple prior convictions, including: (1) a felony conviction for possession of a controlled substance in 2000; and (2) a felony conviction for conspiracy to possess with intent to distribute and to distribute methamphetamine in 2000. *Id.* at 8–9. Mr. Hartley was released from custody for the second conviction in 2001. *Id.* at 9. Most concerning to the Court, he absconded from supervised release in 2004 and went to Mexico, where he was when he was arrested in this case. *Id.* at 6, 9. This track record poses an unacceptable risk that Mr. Hartley

---

[2] If the United States did not decline to file a second information under § 851, Mr. Hartley could, however, be subject to a mandatory minimum sentence of 25 years under today's law. *See* 21 U.S.C. § 841(b)(1)(b)(ii) (eff. Dec. 21, 2018).

would not comply with any terms of supervised release this Court might set, including home confinement.

In light of these circumstances, the Court finds that releasing Mr. Hartley now would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. Certainly, the Court is sympathetic to the risks that prisoners with underlying conditions such as Mr. Hartley face from COVID-19, but it cannot find that the current magnitude of those risks warrant releasing him from incarceration at this time. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (affirming denial of motion for compassionate release where district court found that § 3553(a) factors weighed against release despite COVID-19 risk because defendant committed serious offense and had only served one-third of sentence); *United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence). If Mr. Hartley's health worsens, or circumstances otherwise change, Mr. Hartley may file another motion.

### III. Conclusion

For the reasons stated above, Mr. Hartley's amended motion for compassionate release, dkt. [97], is **denied**. His pro se motion for compassionate release, dkt. [87], is **denied as moot**.

**IT IS SO ORDERED.**

4/21/2021

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

**Distribution:**

All Electronically Registered Counsel